IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| BOBBY LEANDER WATSON, #277427, | ) | |
| | ) | C/A No. 0:06-2834-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| STATE OF SOUTH CAROLINA; ANTHONY | ) | |
| PADULA, Warden of Lee Correctional Institution; | ) | |
| and HENRY MCMASTER, Attorney General | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This pro se Petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254

on October 6, 2006. The Respondents filed a Return and motion for summary judgment pursuant to

Rule 56, Fed.R.Civ.P., on January 22, 2007. As the Petitioner is proceeding pro se, a Roseboro order

was entered by the Court on January 23, 2007, advising Petitioner of the importance of a motion for

summary judgment and of the necessity for him to file an adequate response. Petitioner was

specifically advised that if he failed to respond adequately, the Respondents' motion may be granted,

thereby ending his case. Petitioner thereafter filed a written opposition to the motion for summary

judgment on February 14, 2007. This Petition is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
Rule 19.02(B)(2)(c), D.S.C. The Respondents have filed a motion for summary judgment. As this
is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

The Petitioner is presently confined pursuant to commitment orders from the Lee County Clerk of Court. Petitioner was indicted by the Chesterfield County Grand Jury in July 2001 for criminal sexual conduct with a minor, first degree [Indictment No. 01-GS-13-0543], and attempting to commit or committing a lewd act upon a child [Indictment No. 01-GS-13-0544]. (R.pp. 424-425, 428-429)(Respondents' Exhibit 1). Petitioner was represented by Patricia Rivers, Esquire. Petitioner was tried before a jury on August 7-9, 2001, and found guilty as charged. (R.pp. 1-322)(Respondents' Exhibit 1). Petitioner was sentenced to thirty (30) years imprisonment for criminal sexual conduct with a minor in the first degree, and fifteen (15) years imprisonment, concurrent, for attempting to commit or committing a lewd act on a child. (R.p. 332)(Respondents' Exhibit 1).

Petitioner filed a timely appeal. He was represented on appeal by Eleanor Cleary, Assistant Appellate Defender, and raised the following issue:

> Did the trial court err in refusing to exercise its discretion to allow appellant to submit testimony to rebut the state's reply witness' new allegation that appellant lived with the child and that she had seen him alone with the children and even if it had exercised its discretion, would its refusal to allow the surrebuttal have been an abuse of discretion?

See Petition, p. 3 (Respondents' Exhibit 3).

On March 17, 2003, the South Carolina Court of Appeals denied the appeal. (Respondents' Exhibit 4). A remittitur was issued on April 2, 2003 (Respondents' Exhibit 5).

Petitioner next filed an Application for Post Conviction Relief ("APCR") on April 4, 2003, in state Circuit Court. (R.pp. 337-361)(Respondents' Exhibit 1). Petitioner raised the following issues:

2



(a) Ineffective assistance of counsel;

(b) Subject matter jurisdiction;

(c) Prosecutorial misconduct.

(R.p. 338)(Respondents' Exhibit 1).

In his memorandum in support of his petition, Petitioner outlined the following issues for

consideration by the PCR Court:

A.  Was defense counsel ineffective in not requesting a reasonable doubt charge to the jury?

B.  Was defense counsel ineffective for not objecting to the prejudicial remarks by the State prosecution in opening argument to the jury?

C.  Was defense counsel ineffective in not objecting to the highly inflammatory and prejudicial remarks by the prosecution in closing arguments to the jury?

D.  Was defense counsel ineffective in not requesting an instruction to the jury on the weight of expert or opinion testimony?

E.  Was defense counsel ineffective in not moving for a mistrial?

F.  Was defense counsel ineffective in not filing a Post-Trial Motion for a New Trial to further her Motion for a Directed Verdict?

G.  Was defense counsel ineffective for not presenting a vital fact witness in the Applicant's behalf at trial?

H.  Did the trial court have subject matter jurisdiction to try the Applicant?

(R.p. 346)(Respondents' Exhibit 1)[2]; see also Attachments to Petition.

An evidentiary hearing was held on September 2, 2003, at which Petitioner was

present and represented by C. Heath Ruffner, Esquire.  (R.pp. 376-416)(Respondents' Exhibit 1).

---

[2]Grounds A through H are not legible in the copy in the record.  However, they are legible in Respondents' Exhibit 6 and in the copy attached to the Petition in this case.



On November 25, the PCR judge granted relief and ordered a new trial. (R.pp. 417-421)(Respondents' Exhibit 1).

The State timely filed a notice of appeal, and Petitioner was again represented on appeal by Eleanor Cleary. The State raised the following issue on appeal:

> Did the PCR judge err in finding trial counsel was ineffective in failing to prevent the introduction of hearsay testimony?

See Petition, p. 1 (Respondents' Exhibit 7).

The Petitioner filed a return to the petition, in which he only addressed the following issue:

> Whether the PCR court correctly found that trial counsel was ineffective for failing to object to improper hearsay testimony and eliciting improper testimony, which exceeded the bounds of permissible corroboration in criminal sexual conduct cases, where the introduction of such testimony prejudiced respondent?

See Return to Petition, p. 2 (Respondents' Exhibit 8).

On August 30, 2005, the South Carolina Supreme Court granted certiorari and ordered the parties to file the appendix and briefs. See Respondents' Exhibit 9. On August 14, 2006, after both parties filed briefs, the South Carolina Supreme Court reversed the PCR Court's decision granting Petitioner a new trial. See Respondents' Exhibit 12. A Remittitur was sent down on August 30, 2006. See Respondents' Exhibit 13.

Petitioner then filed this habeas corpus petition in United States District Court, raising the following issues:

> **Ground One**: Defense counsel was Ineffective by allowing the Defendant to go to trial, and not challenging Prosecutorial misconduct.
>
> **Ground Two:** Defense counsel was ineffective in not requesting reasonable doubt charge to the jury being more extensive.
>
> **Ground Three:** Defense counsel was ineffective in not objecting to inflammatory remarks to jury by prosecutor in closing argument.

4



**Ground Four:** Ineffective Assistance of Counsel by not requesting instructions to the jury on expert testimony.

**Ground Five:** Defense counsel was ineffective, for not objecting to State admitting into evidence the video tape knowing that the audio was not hearable for defense, and jury. So Defense counsel reason for not objecting to the hearsay testimony that prejudice Defendant. Was clearly Ineffective assistance of counsel. As the (P.C.R.) Post conviction Court ruled .

**Ground Six:** Defense counsel was ineffective for not objecting, or making a motion for acquittal when State did not follow Rape Shield Statute.

See Petition, pp. 6-11 & attachments.

## **Discussion**

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(C), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## **I.**

With regard to all of the issues asserted by Petitioner in his Petition (except Ground Five), because Petitioner did not raise these issues before the South Carolina Supreme Court they are



barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S.

560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-

7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL

34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-

conviction relief]; and as there is no current state remedy for Petitioner to pursue these claims, they

are fully exhausted for purposes of this Court's review.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 735,

n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363

(4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be

treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the

petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d

at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement,

a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion

requirement for claims not fairly presented to the state's highest court is technically met when

exhaustion is unconditionally waived by the state...or when a state procedural rule would bar

consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833

(1997); <u>Ingram</u>, 1998 WL 726757 at **1.

       Nevertheless, even though technically exhausted, since these issues were not pursued

by the Petitioner in any  appeal, federal habeas review of these claims is now precluded absent a

showing of cause and prejudice, or actual innocence.  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977);

<u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice



> > as a result of the alleged violation of Federal law, or demonstrate that
> > failure to consider the claims will result in a fundamental miscarriage
> > of justice.

Coleman, 501 U.S. at 750.

Petitioner has not shown any cause for his default.  While Petitioner argues that he requested, prior

to his PCR hearing, that each and every issue presented be addressed in the PCR Court's order;  (R.p.

369)(Respondents' Exhibit 1);  these issues were not addressed by the PCR judge in his order, and

therefore are not considered to be exhausted for purposes of this federal petition.  Plyler v. State, 424

S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to *and ruled upon* by PCR judge to be

preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to

alter or amend a judgment if they believe necessary matters not addressed in original order].[3]

Furthermore, Petitioner did not raise any of these issues in his PCR appeal, and they

were therefore never considered or ruled upon by the State Supreme Court.  Since  Petitioner has not

presented cause for failing to move to amend the PCR order to include these claims and/or for failing

to raise these issues in a PCR appeal, he has failed to show cause for his procedural default on these

issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991)

["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal

Court."]. Nor has Petitioner set forth any arguments which demonstrate that a fundamental

miscarriage of justice will occur if these claims are not considered by this Court.  Rodriguez, 906

F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

constitutional violation has probably resulted in the conviction of one who is actually

innocent"](citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  Hence, these claims are procedurally

---

[3]Petitioner's request prior to the PCR hearing does not qualify as a Rule 59(e) motion.



barred from consideration by this Court and should be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254;

<u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992);

<u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

**II.**

In Ground Five of his Petition, Petitioner contends that his counsel was ineffective

"for not objecting to State admitting into evidence the video tape knowing that the audio was not

hearable for defense, and jury.  So Defense counsel reason for not objecting to the hearsay testimony

that prejudice Defendant.  Was clearly Ineffective assistance of counsel. as the (P.C.R.) Post

conviction Court ruled." <u>See</u> Petition, attachment.

Respondents initially argue that it is not entirely clear that Petitioner is intending to

raise the same issue that was addressed by the PCR Court and raised before the South Carolina

Supreme Court on appeal.  To the extent that Petitioner is not raising the same issue, this claim would

be procedurally barred from consideration by this Court.  <u>See</u> discussion, <u>supra</u>.  However, since

Petitioner specifically references the PCR Court ruling in Ground Five, the undersigned has, out of

an abundance of caution, proceeded to discuss the one issue that was properly exhausted before the

state court.

The issue presented to the South Carolina Supreme Court was whether the PCR Court

erred in finding that Petitioner's trial counsel was ineffective for failing to prevent the introduction

of certain hearsay testimony.  Following briefing on this issue, the South Carolina Supreme Court

issued its order, in which it related the following factual/procedural background: 1) the victim made

allegations to her grandmother accusing the Petitioner of sexually abusing her; 2) the grandmother

took the victim to a pediatrician who was unable to discover any evidence of abuse; 3) a pediatric

8



nurse practitioner, who specializes in conducting such examinations, subsequently examined the

victim more extensively; 4) the nurse found that the victim's condition was consistent with past

sexual abuse; 5) at trial, the victim testified about several incidents of abuse that occurred between

1997 and 1999; 6) the victim identified the Petitioner as the perpetrator; 7) several witnesses testified

regarding the victim's allegations; 8) in addition to identifying the time and place of the abuse, the

witnesses recalled the victim's statements to them regarding the abuse and identified Petitioner as

her abuser.  See Order filed August 14, 2006 (Respondents' Exhibit 12).

The South Carolina Supreme Court then held:

> The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. Dawkins v. State, 551 S.E.2d 260, 262 (S.C. 2001)[citing Jolly v. State, 443 S.E.2d 566, 568 (S.C. 1994)).  One exception to the rule allows limited corroborative testimony in criminal sexual conduct cases when the victim testifies.  Id; Rule 801(d)(1)(D), SCRE.   The corroborative testimony is restricted to the victim's complaint of the time and place of the sexual assault.  Dawkins, 551 S.E.2d at 262.  Any other details or particulars, including the perpetrator's identity, must be excluded. Id. at 263.

> This Court has held that the failure to object to improper hearsay testimony in a criminal sexual conduct case because the testimony is merely cumulative to the victim's testimony is not a reasonable strategy where the evidence is not overwhelming or the improper testimony bolsters the victim's testimony.  Dawkins, 551 S.E. 2d at 263.  However, where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. Stokes v. State, 419 S.E.2d 778 (S.C. 1992).

> In this case, several witnesses testified about the abuse allegations against Watson. The victim's grandmother testified that the victim said, "Grandmomma, ah, Buster[4] assaulted me sexually."  Additionally, a department of social services investigator and two psychologists testified that the victim had identified Watson as her abuser.  One of the psychologists also provided detailed statements from the victim regarding the abuse, including statements such as "he stuck his thing in me."  Portions of the corroborative testimony presented at trial were elicited by Watson's trial counsel.  At

---

[4]Petitioner is also known by the nickname "Buster."



no time did Watson's trial counsel object to the admission of the testimony.

At the PCR hearing, trial counsel testified that she did not object to the hearsay testimony because she wanted to avoid the possibility that the prosecution would have shown the video of the victim talking about the sexual abuse.  Counsel stated that, "I used my own judgment.  Had I objected, then they could have shown the video and shown the child again.  And I did not think that was wise, to keep showing that . . . the child telling about the abuse over and over, and over, and the jury seeing the child telling that over and over and over."  The PCR court found that Watson's trial counsel failed to object to the hearsay testimony because "it was merely cumulative of the victim's testimony."

While the PCR court correctly found that the testimony was inadmissible hearsay under Rule 801(d)(1)(D), SCRE, the PCR court erred in finding that counsel's strategic reason for failing to object was unreasonable.  In its decision, the PCR court mischaracterized trial counsel's testimony at the PCR hearing.  Counsel did not fail to object because of the cumulative effect of the corroborative testimony, but instead decided that objections to the corroborative testimony might lead to the more damaging introduction of the victim's videotape.  Accordingly, we hold that counsel articulated a valid reason for failing to object to the hearsay testimony, and the PCR court erred in finding that counsel was ineffective in failing to prevent the introduction of the hearsay testimony.

 See Respondents' Exhibit 12. (Some citations omitted).

Substantial deference is to be given to the state court's findings of fact.  Evans v.

Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord

state court factual findings a presumption of correctness that can be rebutted only by clear and

convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir.

2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531

U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).



However, although the state court findings as to historical facts are presumed correct

under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th

Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th

Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance

of counsel claim was  adjudicated on the merits by the South Carolina state court, this Court's review

is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the

Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  Bell v. Jarvis, supra; see also Evans,

220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a

claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established federal

law, as determined by the Supreme Court of the United States", or "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in

considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes

"whether counsel's conduct so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland,

the Supreme Court articulated a two prong test to use in determining whether counsel was

constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel's performance was below the



objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner

must show that counsel's deficient performance prejudiced the defense such that the Petitioner was

deprived of a fair trial.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective

under this standard, at least in part.    Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975)

[Petitioner bears   the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner testified at the PCR hearing that there was no physical evidence against him, and that his

counsel was ineffective for allowing hearsay testimony from Sandra Sturkie, a state expert witness

on sexual abuse, about the details of the sexual acts committed by the Petitioner on the victim.  (R.p.

393).  The hearsay testimony addressed by the PCR Court's order included testimony from Sturkie

as well as from Tom Jones, a psychologist, who qualified as an expert in counseling pertaining to

nightmares. (R.pp. 177-179, 198, 419). The victim's grandmother also testified that the victim

identified petitioner as her abuser; (R.p. 68); and the state Supreme Court referenced this testimony

in its order.

"The rule against hearsay prohibits the admission of an out-of-court statement to prove

the truth of the matter asserted unless an exception to the rule applies." Dawkins v. State, 551 S.E.2d

260, 262 (S.C. 2001)(citing Jolly v. State, 443 S.E.2d 566 (S.C. 1994)).  A well-settled exception in

criminal sexual conduct cases allows for the admission of limited corroborative testimony; Id.; Jolly,

443 S.E.2d at 568; usually limited to time and place of the sexual assault.  Ingle v. State, 560 S.E.2d

401, 404 (S.C. 2002).  Hence, with regard to testimony concerning the time and place of the sexual

assaults in this case, that testimony would have been admissible.  Therefore, the only testimony at

issue is where these witnesses testified that the victim told them that the Petitioner was her abuser.

12



Petitioner's trial counsel testified that the child victim testified and did not waver in her testimony.   Counsel stated that the child was very specific and it was deadly for her client, and that the evidence also included the Durant Center finding that the child had been abused.  (R.p. 404). With regard to Sturkie's testimony, Detective Brianna Gerald was at the Center and videotaped the conversation between Sturkie and the victim.  (R.p. 406).  Counsel testified that she did not object to Sturkie's testimony because the State then could have shown the video and the child again.  (R.p. 407).  Counsel testified that in her judgment she did not think that it was wise for the jury to keep seeing, "the child telling about the abuse over and over and over."  (R.p. 407). Counsel believed that, if she had objected, the State may have been allowed to present the video of the child showing not only the same testimony, but presenting the evidence in a potentially more damaging manner.

While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689.   There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.]. Here, the State Court found that Petitioner's trial counsel had a valid strategic reason for not objecting to this testimony, and the undersigned agrees that there is no basis in this record to overturn the findings of the State Court with respect to

13



the testimony of Sandra Sturkie. <u>Evans</u>, 220 F.3d at 312. Therefore, this claim should be dismissed insofar as it relates to counsel's failure to object to Sturkie's testimony.

However, with respect to the testimony offered by Jones and the Petitioner's grandmother, the undersigned does not find that the decision of the state court passes constitutional muster with respect to whether counsel's performance was deficient. The State Supreme Court found that counsel's failure to object on the basis that she feared the videotape might then be introduced was a valid reason for failing to object to *all* of the hearsay testimony. However, the videotape would only appear to have been an issue with respect to Sturkie's testimony. The testimony of the grandmother and the testimony of Jones was presented during different parts of the trial, and no rationale has been presented in either the transcripts or in the State Supreme Court's decision as to why counsel could not have objected to that testimony. The State Supreme Court itself noted that the PCR Court "correctly found that the testimony was inadmissable hearsay", but then does not distinguish between Sturkie's testimony and the other hearsay testimony offered at the trial.

Based on the transcripts, counsel's failure to object to Jones and the grandmother's testimony was deficient based on the applicable law; <u>Strickland</u>, 466 U.S. at 669, 688 [counsel's performance is deficient where counsel makes errors so serious that the performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment]; and as the state court's decision does not indicate how this testimony related to counsel's fear that the videotape might be introduced if she objected to the testimony, it constitutes and unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Even having found that the state court committed error, however, after careful review and consideration of the transcripts, arguments, and other evidence in this case, the undersigned does

14



not find that Petitioner is entitled to relief, because the Petitioner was not denied effective assistance

of counsel. Specifically, even assuming that counsel's performance was deficient, Petitioner has still

failed to demonstrate prejudice. Strickland, 466 U.S. at 694-695 [in order to show constitutionally

ineffective counsel, a petitioner must show both that counsel's performance was deficient, and that

he was prejudiced]. Here, the record reflects that the victim herself testified that the Petitioner had

abused her, there was medical evidence showing that the victim had been abused, and Sturkie

testified that the victim had told her that Petitioner was her abuser (the State Supreme Court's finding

that counsel's failure to object to this testimony was not deficient having previously been found to

be proper under Evans). In light of this evidence, the undersigned does not find that there is a

reasonable probability that, absent the cited additional testimony of Petitioner's grandmother and

Jones, the outcome of his trial would have been any different. Strickland, 466 U.S. at 694 [to

demonstrate ineffective assistance of counsel, petitioner must show a reasonable probability of a

different result but for counsel's deficient performance]. Petitioner had herself already testified that

she told her grandmother that the Petitioner had abused her; (R.pp. 49-50); therefore, the

grandmother's testimony confirming this fact would not have been unduly prejudicial, nor would

Jones' testimony in light of the other evidence of Petitioner's guilt as set forth in the record.

In sum, even if counsel's performance was deficient in not having objected to the cited

portions of the grandmother's and Jones' testimony, Petitioner has not shown that he suffered any

prejudice as a result. This issue is therefore without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for

15



summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 2, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

17

