IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Leander Watson, #277427,<br><br>                Petitioner,<br>   vs.<br><br>STATE of SOUTH CAROLINA;<br>ANTHONY PADULA, Warden of Lee<br>Correctional Institution; and HENRY<br>MCMASTER, Attorney General of<br>South Carolina,<br>                Respondents.<br>_____ | Civil Action No. 0:06-2834-JFA-BM<br><br>**ORDER** |

Petitioner Bobby Watson, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 by way of a petition filed October 10, 2006. The petitioner is incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.).

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of

1

scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge's comprehensive Report suggests five of the six grounds in the petition are procedurally defective because the petitioner failed to raise those issues to the South Carolina Supreme Court in his post conviction relief ("PCR") appeal. As to the remaining claim which was exhausted, the Magistrate Judge recommends that habeas relief be denied and the respondents' motion for summary judgment be granted. The Report thoroughly summarizes the facts and procedural history of the petitioner's claims, and therefore such will not be repeated herein.

The petitioner's objections to the report, filed on May 14, 2007, challenged only ground five— that any error by petitioner's counsel was not prejudicial. Therefore, the court reviews *de novo* the Magistrate Judge's finding with respect to this claim.

**I.**

As the Magistrate Judge notes in the Report, the failure to assert a claim in an appeal taken from the denial of the first state post-conviction petition, as required by state law, bars federal review absent cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722 (1991).

Five of the petitioner's six grounds that trial counsel was ineffective were not addressed by the PCR court's order. The petitioner argues that he presented those issues to

2

the PCR judge and requested that the PCR court's order address all the issues the petitioner raised. *See Plyler v. State*, 309 S.C. 408, 424 S.E.2d 777 (1992) (requiring that an issue be both raised to and ruled upon by the PCR judge to be preserved for further appellate review). However, the petitioner failed to move the PCR court to alter or amend its order to include the additional claims. *See* Rule 59(e), SCRCP. As a result, the State Supreme Court never considered or ruled upon those issues.

The petitioner has not shown cause for failing to file a motion to amend the PCR court's order to include the omitted claims. Furthermore, the petitioner has not shown cause why he neglected to raise those issues on appeal before the State Supreme Court. Therefore, this court agrees with the Magistrate Judge's Report concluding that the petitioner has procedurally defaulted on those issues and is barred from raising them here. *See U.S. v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) (holding that a petitioner who procedurally defaults on a claim by failing to raise it on review is barred from raising that claim under a federal habeas proceeding absent a showing of both cause for and actual prejudice from the default or actual innocence).

**II**

The petitioner objects to the Magistrate Judge's finding that, while trial counsel's failure to object to certain hearsay testimony did fall below the objective standard of reasonableness, any error was not prejudicial. This court's *de novo* review is restricted by the deferential standard set forth in 28 U.S.C. §2254(d) because the South Carolina state court has adjudicated the merits of the petitioner's ineffective assistance of counsel claim. *Williams*

3

*v. Taylor*, 529 U.S. 362 (2000). Under this deferential standard, this court will only grant federal habeas relief under §2254(d) (1) and (2) where the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000).

Bearing this standard in mind, this court disagrees with the Magistrate Judge that trial counsel's failure to object to any of the hearsay testimony fell below an objectively reasonable standard. However, the court agrees with the Magistrate Judge that, even if trial counsel's actions were unreasonable, the weight of the evidence shows that the alleged error did not affect the outcome of the trial. Therefore, any error was not prejudicial and the petitioner's claim to the contrary is without merit.

The Supreme Court of the United States has outlined a two-pronged test to determine whether the assistance of counsel in a criminal proceeding is constitutionally defective. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). Under the first prong, the petitioner must show that counsel's actions fall below an objective standard of reasonableness in violation of the petitioner's Sixth Amendment guarantee of effective counsel. *Id.* at 687-88. If the petitioner meets the requirement of the first prong, the court will not grant relief for ineffective assistance of counsel unless the petitioner satisfies the second prong by showing that trial counsel's failure to meet the objectively reasonable standard prejudiced the defense

4

and deprived the petitioner of a fair trial. *Id.* at 691-92.

The petitioner argues that counsel's repeated failure to raise objections at trial to hearsay testimony renders trial counsel's assistance ineffective. Specifically, the petitioner refers to trial counsel's failure to object to witnesses testifying that the victim told them the petitioner had sexually assaulted her. At the PCR hearing, trial counsel testified that the decision to refrain from objecting to the hearsay testimony was tactical. Trial counsel decided not to object to the hearsay testimony due to the fear of the prosecution then introducing a videotape of the victim identifying the petitioner as the assailant and describing the details of the assault.

There is a strong presumption that trial counsel's strategic decisions are in the wide range of objectively reasonable conduct. *Id.* at 689. The court will not scrutinize trial counsel's professional conduct with the clarity provided by hindsight. *Id.* Employing such a deferential standard, the court finds that trial counsel's failure to object to any of the hearsay testimony was an informed and reasoned tactical decision. Therefore, trial counsel's actions do not fall below the objective standard of reasonableness and petitioner's ineffective assistance of counsel claim is without merit.

Even if trial counsel's actions were not objectively reasonable, the petitioner would not be entitled to relief because the petitioner failed to show any prejudice as a result of trial counsel's decision. The victim testified that the petitioner sexually assaulted her and medical evidence confirmed that the victim had been sexually abused. The victim also testified that she told her grandmother that the petitioner had sexually assaulted her. In addition, had trial

5

counsel objected to the hearsay, the prosecution may then have introduced the videotape of the victim identifying the petitioner as the assailant and describing the details of the assault. In light of the evidence in the record, the petitioner has failed to show any prejudicial error because of the substantial likelihood that the outcome of the trial would have been the same had trial counsel objected to the hearsay testimony. Therefore, even assuming that trial counsel's actions were in error, the petitioner's claim for ineffective assistance of counsel would still be without merit.

### III

In light of the standard set out above, the Court has reviewed the Report and the objections thereto, the record, and the applicable law. The court agrees with the recommendation of the Magistrate Judge and adopts and incorporates by reference the Report, as modified, into this order by reference.

It is therefore ordered that respondents' motion for summary judgment is granted, and the petition is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 2, 2007                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge